

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

**MEMO ENDORSED**

April 5, 2019

<u>By ECF</u>
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *New York v. U.S. Environmental Protection Agency, et al.*, 19-cv-712 (KPF)

Dear Judge Failla:

      This Office represents the United States Environmental Protection Agency ("EPA") and National Highway Traffic Safety Administration ("NHTSA," and, together with EPA, "Defendants") in the above referenced Freedom of Information Act ("FOIA") action brought by the State of New York ("Plaintiff"). In accordance with the Court's Individual Rule of Practice 4.A, we write to oppose Plaintiff's request for a pre-motion conference in connection with its anticipated motion for summary judgment. As set forth in greater detail below, Plaintiff's request should be denied because it is without valid basis in the law, and, even if the law afforded Plaintiff the relief that it seeks, Plaintiff's motion is premature, based upon the actions Defendants are taking to respond to Plaintiff's FOIA requests.

      **A.  Background**

      Plaintiff submitted FOIA requests to EPA and NHTSA on September 5, 2018, seeking a variety of records related to the federalism implications of a joint proposal entitled "The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks," 83 Fed. Reg. 42986. NHTSA and EPA acknowledged receipt of Plaintiff's FOIA requests on September 10, and September 11, 2018, respectively. On September 17, 2018, NHTSA and Plaintiff agreed upon search terms, and, on September 19, 2018, NHTSA denied expedited processing of Plaintiff's request. On October 5, 2018, EPA granted Plaintiff's request for a fee waiver, and, on October 9, 2018, EPA informed Plaintiff that it needed an extension of time to respond to Plaintiff's FOIA request, because the response "involve[d] numerous personnel and multiple offices of the Agency."

      Plaintiff filed its complaint on January 24, 2019, *see* Dkt. No. 1, and Defendants answered on March 6, 2019, thirty days after service, *see* Dkt. No. 20. On April 1, 2019, I called counsel for Plaintiff to propose search terms with respect to Plaintiff's FOIA request to EPA. As I explained to Plaintiff's counsel, the proposed terms were nearly identical to the search terms that Plaintiff had already agreed upon with NHTSA. During that same April 1 telephone call—which I initiated to discuss search terms—Plaintiff's counsel informed me that he intended to file a letter seeking a pre-motion conference in advance of Plaintiff's anticipated motion for

summary judgment. I explained that such a motion was premature at this juncture, given that Defendants were in the process of responding to Plaintiff's FOIA requests, as evidenced by my attempt to discuss a path forward for their response. Plaintiff's counsel insisted that the FOIA requests were urgent, and that Plaintiff would seek a pre-motion conference, without first waiting for any response or engaging in any dialogue concerning a production schedule.

### B. Plaintiff Fails to Assert Any Valid Basis for Summary Judgment

Plaintiff cites no law in support of its argument that it is "entitled to summary judgment on liability" on the basis that the 20-working-day deadline has passed. April 2, 2019 Letter, at 2 (Dkt. No. 21). FOIA requires only that the agency provide its determination "whether to comply with a FOIA request" within 20 business days following the request. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*") (citing 5 U.S.C. § 552(a)(6)(A)(i)). "Under the statutory scheme, a distinction exists between a 'determination' and subsequent production." *Id.* at 188 (citation omitted). The D.C. Circuit in *CREW*, a case Plaintiff cites in its pre-motion letter, *see id.* at 1, concluded that, if the agency does not adhere to this 20-day deadline, the sole "'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *CREW*, 711 F.3d at 189; *see also Elec. Privacy Info. Center v. DOJ*, 15 F. Supp. 3d 32, 41 (D.D.C. 2014).

Further, "untimeliness is not a *per se* statutory violation entitling the requester to any specific remedy." *Carmody & Torrance v. Def. Contract Mgmt. Agency*, 11-cv-1738, 2014 WL 1050908, at *6 (D. Conn. Mar. 13, 2014). In particular, an agency's "untimely response" to a FOIA request "does not entitle plaintiff to judgment in his favor." *Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010). "Nor is declaratory relief appropriate." *Hunton & Williams LLP v. EPA*, 248 F. Supp. 3d 220, 259 (D.D.C. 2017). A declaratory judgment would not "serve a useful purpose in clarifying and settling the legal relations in issue, *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991), and thus provides "no 'implications for practical enforcement,'" *Navigators Ins. Co. v. DOJ*, 155 F. Supp. 3d 157, 169 (D. Conn. 2016) (citation omitted).

Because the passage of the 20-working-day deadline does nothing more than permit a FOIA requester to bring suit—as Plaintiff has here—no remedy at law, much less entry of a judgment, is appropriate. Accordingly, Plaintiff's request should be denied.

### C. Plaintiff Has Made No Showing to Warrant Expedited Processing

In seeking to move for summary judgment at this early stage, Plaintiff appears to be asking to jump the line ahead of FOIA requestors who submitted their requests before Plaintiff. A FOIA plaintiff is entitled to expedited processing of its request only if it demonstrates a "compelling need" for expedition. *See Al-Fayed v. CIA*, 254 F.2d 300, 303 (D.C. Cir. 2001).

Plaintiff, however, has made no attempt to show a "compelling need" for the requested documents. FOIA defines a "compelling need" to mean (1) "that a failure to obtain requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or (2) in the context of a request "made by a person primarily engaged in disseminating information," an "urgency to inform the public concerning

actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). Even had Plaintiff attempted to make the requisite showing, Plaintiff does not qualify for expedited processing under FOIA's statutory test. Plaintiff cannot identify any "imminent action indicating that the requested information will 'not retain its value if procured through the normal FOIA channels.'" *Long v. DHS*, 436 F. Supp. 2d 38, 43 (D.D.C. 2006) (internal quotation marks omitted). Thus, Plaintiff's attempt to avoid FOIA's statutory requirements through the guise of summary judgment should be denied.

### D. The Relief Plaintiff Seeks Is Premature and Counterproductive

Plaintiff asks the Court to enjoin Defendants "to provide a determination in response to New York's September 2018 FOIA requests," and "to then promptly provide New York with all responsive agency records." April 2, 2019 Letter, at 2 (Dkt. No. 21). As this Office explained to Plaintiff, both agencies are the process of collecting, reviewing, and processing records potentially responsive to Plaintiff's FOIA requests, as evidenced by this Office's efforts to engage in a dialogue with Plaintiff on those very issues. Rather than engage with Defendants, Plaintiff prematurely seeks Court intervention.

NHSTA estimates that it can provide an initial production as early as April 26, 2019. EPA is in the process of applying search terms, and, once it understands the universe of potentially responsive documents, it can provide a more concrete timeline for making a determination on Plaintiff's request. Because the Court has already scheduled an initial conference for May 29, 2019, Defendants contend that the appropriate and more productive course is to provide the Court with a status update, in advance of that conference, in accordance with the Court's Individual Rule of Practice 3.B. By that time, all parties will have a clearer view as to the issues in dispute, if any.

* * *

Accordingly, Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion conference on its anticipated motion for summary judgment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: ___*/s/ Danielle J. Levine*___
DANIELLE J. LEVINE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   212-637-2689
E-mail: danielle.levine@usdoj.gov

cc:   Counsel of Record (via ECF)

The Court is in receipt of Plaintiff's letter, dated April 2, 2019 (Dkt. #21), and Defendants' reply thereto, dated April 5, 2019 (Dkt. #22).  After carefully considering both letters, the Court finds that a premotion conference is warranted.  Accordingly, the parties are hereby ORDERED to appear for a premotion conference on **April 24, 2019, at 2:30 p.m.**, in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

Dated: April 8, 2019
      New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE